IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL A, CARTWRIGHT,          :
                                :
          Plaintiff,            :
                                :
vs.                             :   CIVIL ACTION 07-0192-KD-M
                                :
BALDWIN COUNTY CORRECTIONS      :
CENTER, et al.,                 :
                                :
          Defendants.           :


REPORT AND RECOMMENDATION


        Plaintiff, a Baldwin County Corrections Center prison inmate
proceeding pro se, filed a complaint under 42 U.S.C. § 1983
together with a Motion to Proceed Without Prepayment of Fees in
the Middle District of Alabama.  This action, which has been
referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)
and Local Rule 72.2(c)(4), is now before the Court for
Plaintiff's failure to pay the partial filing fee.

        On March 14, 2007, after review of Plaintiff's Motion to
Proceed Without Prepayment of Fees (Doc. 2), the Court ordered
Plaintiff to pay a $30.00 partial filing fee within twenty days
(Doc. 3).  On March 27, 2007, Plaintiff filed a Letter Motion for
Reconsideration of the Court's Order to pay the partial filing
fee (Doc. 4).  Plaintiff's Motion was denied on March 30, 2007,
and Plaintiff was ordered to pay the partial filing fee by April
30, 2007 (Doc. 5).  On April 26, 2007, Plaintiff filed a Letter

Motion for Extension of Time to Pay Fee (Doc. 6).  On April 27, 2007, Plaintiff's motion was granted and the filing fee deadline was extended to June 26, 2006 (Doc. 7).  The Order was mailed to Plaintiff at 200 Hand Avenue, Bay Minette, Alabama 36507.  To date, Plaintiff has not paid the partial filing fee, nor has he otherwise responded to the Court's Order.  Plaintiff was warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action (Doc. 3).  The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the partial filing fee, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord

2

<u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original

3

brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 16th day of July, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

4